

08/21/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NORTHSTAR ENERGY, INC. | § § § | Case No. 03-62542 |
| Debtor | § | Chapter 11 |
| JASON R. SEARCY, Plan Trustee Under the Confirmed Chapter 11 Plan of Reorganization for Northstar Energy, Inc. | § § § § § | |
| Plaintiff | § § | |
| v. | § § | Adversary No. 05-6080 |
| ALPINE MUD PRODUCTS CORPORATION | § § § § | |
| Defendant | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon trial of the complaint in the above-referenced adversary proceeding, the Court issues the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052.[1]

---

[1] Items identified herein as findings of fact may also be construed to be conclusions of law and are adopted as such. Items identified herein as conclusions of law may also be construed to be findings of fact and are adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

## *FINDINGS OF FACT*

1. Northstar Energy, Inc. ("Northstar") is the reorganized debtor under the Debtor's Third Amended Plan of Reorganization (the "Plan") in the above styled and numbered cause. Jason R. Searcy is the Plan Trustee under the Plan.

2. Alpine Mud Products Corporation ("Defendant") is a corporation whose principal place of business is located at P.O. Box 970, Belle Chasse, LA 70037.

3. On December 5, 2003, (the "Petition Date") an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") was filed against Northstar. On or about January 26, 2004, Northstar consented to the entry of an order for relief and an order for relief was entered.

4. On December 22, 2004, this Court entered its Findings of Fact, Conclusions of Law and Order under U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming Debtor's Third Amended Plan of Reorganization, as Modified, Dated December 21, 2004 (the "Confirmation Order") approving the Plan which provides that all avoidance actions under the Bankruptcy Code are retained by the benefit of the creditors of the bankruptcy estate and designates a Plan Trustee as the person responsible for directing Northstar's prosecution of such actions.

5. On or about September 23, 2003 and November 21, 2003, less than 90 days prior to the Petition Date, Northstar made payments to the Defendant in the amounts of $20,184.00 and $20,000.00 (the "Transfers").[2]

6. Such Transfers were accepted by the Defendant in satisfaction of its invoices to Northstar --- numbers 00006188-IN and 00006076-IN.

7. The payment terms of Invoice number 00006188-IN were 2% Net 30 Days.

8. The payment terms of Invoice number 00006076-IN were Net 30 Days.

9. There was no oral or written agreement, nor any course of dealing, between Northstar and the Defendant to allow for the payment of Defendant's invoices by Northstar outside the terms stated in the invoices.

---

[2] See exhibits 1 and 2.

10. It was not the ordinary business practice of Northstar to tender payments for goods and or services to the Defendant outside the terms specified in invoices received by Northstar from the Defendant.

## *CONCLUSIONS OF LAW*

1. This Court has subject matter jurisdiction under 28 U.S.C. §§1334 and 157(b)(2)(F), and 11 U.S.C. §547. This is a core proceeding under 28 U.S.C. §157. Venue is appropriate in this court under 28 U.S.C. §1409. This Court has personal jurisdiction over the parties to this adversary proceeding.

2. For the reasons set forth in that certain "Memorandum Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" entered on March 15, 2007, in this adversary proceeding, the contents of which is incorporated herein by reference for all purposes, the Transfers constitute preferential transfers as defined in 11 U.S.C. §547(b).

3. The Transfers by Northstar to the Defendant were not made in the ordinary course of business or financial affairs of Northstar or the Defendant.

4. The Transfers by Northstar to the Defendant were not made according to ordinary business terms.

5. The preferential transfers by Northstar to the Defendant are not protected from avoidance under the provisions of 11 U.S.C. §547(c).

6. The Court concludes that the Plaintiff, Jason R. Searcy, plan trustee under the confirmed plan of reorganization for Northstar Energy, Inc., is entitled to recover from the Defendant, Alpine Mud Products Corporation, the sum of $40,184.00, together with post-judgment interest upon such aggregate sum at the current federal post-judgment interest rate of 4.44% until paid.

Signed on 08/21/2007

*/s/ Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE